UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICK NATHANIEL REED,

   Plaintiff,

vs.                                           Case No. 3-22-CV-01059-TJC-PDB

BRANDEL CHAMBLEE, et al.,

   Defendants.

_____

## DEFENDANT DAMON HACK'S WAIVER OF THE SERVICE OF THE SUMMONS

To: Larry Klayman

     I have agreed to and am authorized to accept service on behalf of Damon Hack and have received a copy of the summons and complaint in this action.

     Damon Hack agrees to save the expense of serving a summons and complaint in this case.

     Damon Hack understands that he will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that he waives any objections to the absence of a summons or of service.

     Damon Hack also understands that he must file and serve an answer or a motion under Rule 12 within 40 days from October 14, 2022, as agreed by the parties. If he fails to do so, a default judgment will be entered against Damon Hack.

Dated: October 14, 2022         Party waiving service: **Damon Hack**

                                            _/s/ Rachel Fugate_
                                            Signature of the attorney
                                            Printed name of attorney: Rachel E. Fugate, Esq.
                                            Address: Shullman Fugate PLLC; 100 S. Ashley Dr., Ste. 600, Tampa, FL 33602
                                            E-mail address: rfugate@shullmanfugate.com
                                            Telephone: 813-935-5098

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant located in the United States who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure. "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property. If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service. If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.