**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PATRICK NATHANIEL REED,

    Plaintiff,

v.

BRANDEL EUGENE CHAMBLEE,
TGC, LLC, DAMON HACK,
BENJAMIN SHANE BACON,
EAMON LYNCH, GOLFWEEK, and
GANNETT CO., INC.,

    Defendants.

Case No. 3:22-cv-1059-TJC-PDB

**O R D E R**

Even in the absence of a challenge, the Court has a duty to independently evaluate subject matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Plaintiff's complaint invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1 ¶ 1). Under 28 U.S.C. § 1332(a), parties must have complete diversity and the amount in controversy must exceed $75,000. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999). Plaintiff adequately alleges that the amount in controversy exceeds $75,000, but Plaintiff fails to allege several parties' citizenships:[1]

---

[1] The Court also notes that Plaintiff states he is a resident of both Texas and Florida and that he is a citizen of Texas. (Doc. 1 ¶ 3). A person cannot be a citizen of multiple states, see Wachovia Bank v. Schmidt, 546 U.S. 303, 318

- Plaintiff uses the corporation citizenship standard instead of the LLC citizenship standard in alleging the citizenship of Defendant Golf Channel, an LLC. See (Doc. 1 ¶ 8); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that to sufficiently allege the citizenship of an LLC, "a party must list the citizenships of all the [LLC's] members").

- Plaintiff does not allege Defendants Golfweek and Gannett Co.'s states of incorporation. See (Doc. 1 ¶¶ 9–10); 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

The Court requires more information before it can determine that is has jurisdiction over the case. Accordingly, it is hereby

**ORDERED:**

Plaintiff is directed to file a jurisdictional supplement no later than **November 9, 2022**.

---

(2006) ("An individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State."), but the Court presumes from the good-faith allegations that while Plaintiff may sometimes reside in Florida, he intends to remain in Texas indefinitely, see Scoggins v. Pollock, 727 F.2d 1025, 1026 (11th Cir. 1984) (describing the citizenship standard for persons as (1) physical presence, and (2) an intention to remain there indefinitely).

2

**DONE AND ORDERED** in Jacksonville, Florida the 18th day of October, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

Counsel of record