IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICK NATHANIEL REED,

    Plaintiff

      v.                        Case Number: 3-22-CV-01059-TJC-PDB

BRANDEL EUGENE CHAMBLEE, et al

    Defendants.

---

**PLAINTIFF PATRICK NATHANIEL REED'S MOTION TO RETURN TO DEFENDANTS' COUNSEL USB DRIVE AND DOCUMENTS SUBMITTED BY DEFENDANTS' COUNSEL TO COURT EX PARTE CONCERNING DEFENDANTS' MOTION TO DISMISS AND OTHER APPROPRIATE RELIEF**

Plaintiff Patrick Reed ("Mr. Reed" or "Plaintiff") moves this honorable Court for an order directing Mr. Minch Minchin, counsel for Defendants: Brandel Eugene Chamblee, TGC, LLC, Damon Hack, Benjamin Shane Bacon, and Eamon Lynch, to return the USB Drive and other documents provided ex parte to the Court in chambers with a cover letter from Minch Minchin of January 13, 2023, as well as the other relief enumerated herein. The grounds for this motion are as follows:

*First*, Plaintiff's experience thus far with counsel for these Defendants has regrettably not been one of trust. Attached as Exhibit 1 is email correspondence between counsel concerning not just the failure to advise this honorable Court of our reciprocal agreement on page lengths, extension of time with regard to Defendants' motions to dismiss, and most importantly,

1

Plaintiff's request to be able to either view in advance the USB drive which was submitted *ex parte* to this honorable Court or to have it transcribed, authenticated, and provided a link or an original copy of the USB Drive so that Mr. Reed and his counsel could confirm that it is in fact the same USB drive that was provided to the Clerk of Court and then improperly to chambers. This would also allow Plaintiff to learn whether to challenge the authenticity, accuracy and/or completeness of the video and other materials apparently on the USB Drive. Otherwise, Plaintiff would have no way of knowing what was sent to chambers "Via FedEx Overnight Delivery" two weeks ago on January 13, 2023.

*Second*, in Defendants' Unopposed Motion for Leave to Conventionally File Audiovisual Exhibits, their counsel, Mr. Minchin, as was the case with his motion to enlarge the page limit, failed to disclose that he was sending the USB flash drive directly to the Chambers of the court. Mr. Minch Minchin recognized that this consent was granted with the condition that Plaintiff Reed reserved the right to challenge the authenticity of any USB drive and other exhibits submitted to the Court, yet he did not provide Plaintiff Reed with an original copy that was sent to the chambers, nor did their counsel give any indication as to which particular broadcasts, dates, times, lengths, and/or transcripts were presumably on the submitted USB Drive.

Plaintiff Reed did not consent to sending ex parte the USB and other exhibits to chambers, an act which apparently is not permitted by either the Local Rules or any standing order of this honorable Court. Among the exhibits for instance are also transcriptions of broadcasts, which may be incomplete or inaccurate. It goes without saying that courts have routinely excluded alleged evidence that was not properly authenticated and where, as here, a chain of custody cannot be verified. *See Garcia v. Armor Corr. Health Serv.*, Case No. 19-1351

(7th Cir., Dec. 19, 2019); *United States v. Brewer*, 915 F. 3rd 408, 416 (7th Cir. 2019) (USB Drive excluded when a party mailed a USB Drive to the district court without a proper explanation).

*Third*, not only is there neither a provision in the Local Rules nor any standing order of this honorable Court permitting parties to submit courtesy copies of USB drives or written exhibits to chambers, but this practice is frowned upon if not prohibited outright in virtually every federal court in the United States. This unilateral "FedEx Overnight Delivery" of a USB drive and the possibility of other exhibits sent directly to chambers with virtually vague references to broadcasts that have been severely damaging to Mr. Reed is a cause of great concern, since it would suggest that Defendants want the Court to consider its unauthenticated materials before Plaintiff even has the right to review them and oppose their motions to dismiss.

*Fourth*, this concern is heightened because in the past Mr. Reed and his team had obtained information from an expert forensic videographer who objectively examined all NBC Golf Channel's replayed broadcasted videos that the Plaintiff provided from a highly distinguished Television Database, TV Eyes,, and from those videos, the expert videographer determined that an original broadcast was indeed altered. In this regard, the videographer expert opined, with very good reason, if not evidence, that the Defendants not only lied about having "one camera angle" from the footage of Mr. Reed's only rules infraction in his entire career, but then took the "live" shot footage, altered, cropped and/or doctored the "live" footage of Mr. Reed's shot. When Mr. Reed and his then-attorney requested the original copy of the "on-air" broadcast, NBC's Golf Channel refused, creating a strong presumption that the video aired on the network was altered. Golf Channel rebroadcasted the altered video and replayed it over 13 times in 5 hours the Saturday of the Hero World Challenge, while Mr. Reed maintained the lead Saturday afternoon. From 2:38pm (the time Mr. Reed hit his third shot from the waste area) Golf

Channel had approximately 240,000 viewers and was receiving approximately $22,000 per 30 seconds of airtime, after broadcasting an altered video of Mr. Reed's live shot 13 times. And by 7:30pm that evening, Golf Channel had hit their numbers. At 7:24:51, the 13th time the altered replay was shown, they had 706,289 viewers making them extraordinary amounts of money at the expense of Mr. Reed's reputation, in contravention of the true facts. It didn't stop there, they continued on throughout the night and into the following days and weeks replaying the altered shot of Mr. Reed, thus gaining more viewership and boosting their hits and numbers throughout President's Cup, in which Mr. Reed chosen by Tiger Woods to compete.

In fact, the following morning, during the final round of the event, Golf Channel analyst Billy Krazert said on air, "He won six times…don't bury him yet," while another Golf Channel commentator, Whit Watson, laughed and and said, "Twitter did that for us." As a direct result, Mr. Reed faced public humiliation and persecution due to these misrepresentations of fact, reckless disregard for the truth, intentional elimination of important key facts regarding the incident with the intention to inflict monetary and emotional harm to Mr. Reed. They were successful in misleading the public and sponsors. The following year, Mr. Reed lost two Major Corporate Sponsors in Nike and Ultimate Software, two companies that he had earned over approximately 120 million dollars for in Media Value for from 2018-2020 according to Darrell Survey and Nielsen Reports.[1]

---

[1] This incident, ultimately gave rise to their next attack on Mr. Reed during the 2021 Farmers Insurance Open, where Plaintiff won by a commanding five-shots at Torrey Pines, a championship golf course, only to have NBC's Golf Channel use this as an opportunity to further ruin Mr. Reed's name, reputation, and character. These Defendants used their broadcast platform to purposefully and inaccurately report a legal drop, by leaving out important factual information and mixing fact and opinion to further mislead the public and damage Mr. Reed's reputation by again falsely and with actual malice claiming that he had cheated.

All of this underscores the potential for prejudice in submitting ex parte the USB Drive and other exhibits to this honorable Court in chambers.

*Fifth*, Plaintiff Reed and his undersigned counsel therefore cannot verify that the authenticity, accuracy or completeness, and chain of custody of what is on the USB Drive, and the other exhibits provided *ex parte* to chambers are the same as the ones which have been filed with the clerk, as they have not been served in hard copy on Plaintiff's counsel in any event, as they were on this honorable Court by improperly by sending them to chambers by Defendants' counsel with their ex parte letter. Exhibit 2. Despite sending the USB Drive and exhibits "Via FedEx Overnight Delivery," on January 13, 2023, to chambers, as reflected in Mr. Minchin's cover letter, these materials were not FedExed and have yet to be received by Plaintiff's counsel to date, which now is two (2) weeks and counting.

*Sixth*, as Defendants have elected to file a Rule 12(b)(6) Motion to Dismiss with regard to Plaintiff's the Amended the Complaint – their motion states, "Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Section 768.295, Florida Statutes, Defendants Brandel Chamblee, Damon Hack, Benjamin Bacon, Eamon Lynch, and TGC, LLC d/b/a The Golf Channel (collectively, "Defendants") ask the Court to dismiss with prejudice Plaintiff Patrick Reed's Amended Complaint" - what has been pled by Mr. Reed in this Amended Complaint  must be taken as true for purposes of this Rule 12 (b)(6) motion and thus the delivering of a USB Drive and other exhibits ex parte to chambers is not relevant in any event, that is if the intent is not to try to improperly influence this honorable Court with unauthenticated, potentially altered, cropped and irrelevant matters outside of the pleadings. *Hunnings v. Texaco,* Inc., 29 F.3d 1480, 1484 (11th Cir. 1994).

*Seventh and finally*, Plaintiff Reed and his counsel are concerned that Defendants counsel, Mr. Minchin, a young lawyer with four years of legal practice, has taken such unauthorized liberties in sending ex parte a USB Drive and other alleged exhibits to chambers because of his familiarity with this honorable Court. In his biography on his firm's website Mr. Minchin, obviously to lure potential clients such as Defendants with cases in this district to retain him, he touts having worked for two federal judges in the U.S. District Court for the Middle District of Florida. After an inquiry was made by Plaintiff as to which judges Mr. Minchin worked for, he disclosed that one of them was this Court. As a result, and without casting any aspersions whatsoever on your Honor, Mr. Reed and his counsel are more than concerned that Mr. Minchin may take this as license for further "indiscretions" in the future, which could serve to prejudice Mr. Reed's rights.

WHEREFORE, prior to Plaintiff having to prepare and file oppositions to Defendants' motions to dismiss, Mr. Reed respectfully requests that this honorable Court return the hard drive and other exhibits sent ex parte to chambers. As a less satisfactory alternative, Plaintiff Reed requests that he and his counsel be able to compare the pleadings provided *ex parte* to chambers with what was also sent to the Clerk for filing, to know exactly what was provided on the USB drive and other exhibits, in order to respond fully to the motions to dismiss and to determine if other appropriate relief is required. And, importantly, Plaintiff Reed reserves his right to move to strike the USB Drive and exhibits as they are not relevant to Defendants elected and pending Rule 12 (b)(6) motion to dismiss, which must be based on what is pled in the Amended Complaint at this early pleading stage of this case, before discovery has even begun. Id.

In addition, Plaintiff Reed respectfully requests to be informed if this honorable Court has already reviewed the USB hard drive and other exhibits sent ex parte to chambers by Mr.

Minchin and, if not, respectfully requests any such review not occur given the above serious considerations, particularly since some of the submitted exhibits were intended to prejudice this honorable Court. Notwithstanding their defamatory content – Exhibits Nos. 10(a) through 10(d) – they have absolutely nothing to do with what is at issue in the Amended Complaint and show why this type of conduct is the reason Mr. Reed has had to take legal action to protect the rights of himself, his colleagues and his family.

*Last*, it is respectfully requested that Defendants counsel Mr. Minchin be ordered not to send materials ex parte to chambers in the future and to timely serve Mr. Reed's counsel with hard copy of materials such as the USB Drive and other exhibits if he sends them to the Clerk for filing.

Dated: January 27, 2023                                   Respectfully submitted,

                                                          By: */s/ Larry Klayman*
                                                          Larry Klayman, Esq.
                                                          Florida Bar No.: 246220
                                                          Klayman Law Group P.A.
                                                          7050 W. Palmetto Park Rd
                                                          Boca Raton, FL, 33433
                                                          Tel: 561-558-5536
                                                          leklayman@gmail.com

                                                          *Counsel for Patrick Nathaniel Reed*

**CERTIFICATE OF SERVICE**

I, Larry Klayman, hereby certify that on this day, January 27, 2023 I electronically filed the foregoing with the Clerk of Court using the Court's ECF procedures. I also certify that the foregoing document is being served this day on all counsel of record through the Court's eservice procedures.

                                                          */s/ Larry Klayman*

# EXHIBIT 1

 Gmail                                       Oliver Peer <oliver.peerfw@gmail.com>

## Patrick Reed v. Chamblee et al. pre-motion conferral

**Minch Minchin** <mminchin@shullmanfugate.com>  Wed, Jan 4, 2023 at 10:22 AM
To: "leklayman@gmail.com" <leklayman@gmail.com>
Cc: "daj142182@gmail.com" <daj142182@gmail.com>, "klayman.ecf.notifications@gmail.com" <klayman.ecf.notifications@gmail.com>, "oliver.peerfw@gmail.com" <oliver.peerfw@gmail.com>

Good afternoon, Mr. Klayman,

Defendants Eamon Lynch, Brandel Chamblee, Damon Hack, Shane Bacon, and Golf Channel anticipate filing (a) a Motion to Dismiss the Amended Complaint, and (b) a Motion for Conventional Filing to provide the court with a USB drive with copies of the videos that Mr. Reed alleges are defamatory. Pursuant to M.D. Fla. local rule, please state whether you oppose either or both

**(a):** the Motion to Dismiss

And/or

**(b):** the motion for conventional filing.

Thank you,

MM

**Minch Minchin**

**Shullman Fugate PLLC**

a WBENC certified Women's Business Enterprise

**50 N. Laura Street, Suite 2500**

**Jacksonville, Florida 32202**

904.914.3070 | Phone

352.562.9756 | Mobile

mminchin@shullmanfugate.com | shullmanfugate.com | @shullgate

Tampa | West Palm Beach | **Jacksonville** | Miami

Case 3:22-cv-01059-TJC-PDB   Document 41   Filed 01/27/23   Page 10 of 17 PageID 601

**CONFIDENTIALITY NOTICE:**  The information contained in this email message is intended for the personal and confidential use of the recipient(s) designated above.  This message may contain information that is privileged, confidential and exempt from disclosure under applicable law and any unauthorized or inadvertent use, receipt, disclosure, dissemination or distribution of such information shall not waive any such privilege.  If you are not an intended recipient of this message and/or you have received this message in error, then please notify the sender.  Any unauthorized and/or unintended review, use, dissemination, distribution or reproduction of this message, or any of the information contained in it, is strictly prohibited.



Oliver Peer <oliver.peerfw@gmail.com>

## Patrick Reed v. Chamblee et al. pre-motion conferral

**Larry Klayman** <klaymanlaw@gmail.com>  Fri, Jan 13, 2023 at 6:32 AM
To: Minch Minchin <mminchin@shullmanfugate.com>
Cc: "klayman.ecf.notifications@gmail.com" <klayman.ecf.notifications@gmail.com>, "oliver.peerfw@gmail.com" <oliver.peerfw@gmail.com>, Asher Anderson <asher.b.anderson@gmail.com>

Mr. Minchin:

As Plaintiff Reed has challenged the authenticity of any USB drive you may submit to the Court, we require that you submit to us for inspection the actual USB drive which you clients intend to send to the Court before it is sent to the Court, as we are concerned that the contents will be altered, doctored and/or cropped given their having altered video of Mr. Reed in the past.

There is a real possibility, given the past conduct of your clients, that the USB drive will be altered, doctored and/or cropped.

Previously, before this suit was filed, Mr. Reed had requested to view original video from your clients, but they refused; creating a presumption that what was published and played to the public was altered after the subject events, for which he was falsely accused of cheating.

One way to solve this issue is to create a link to your clients' proposed videos that the Court can access and we can access to determine whether the videos have been altered, doctored and/or cropped to distort what occurred with regard to Mr. Reed.

Our experience with you and clients has not been one of candor, honesty and trust, and indeed in your last pleading you intentionally omitted agreed facts about our agreement for Mr. Reed to exceed the page limit by consent in our opposition to your motions to dismiss, as well as to provide an additional two weeks to file them. I then had to advise the court of our agreement to set the record straight and obtain reciprocal rights.

Please comply with this direction or we will have to move to strike the USB drive.

Thank you for your cooperation.

Larry Klayman, Esq.
Counsel for Patrick Nathaniel Reed

On Wed, Jan 4, 2023 at 10:22 AM Minch Minchin <mminchin@shullmanfugate.com> wrote:
[Quoted text hidden]

   Oliver Peer <oliver.peerfw@gmail.com>

## Patrick Reed v. Chamblee et al. pre-motion conferral

**Minch Minchin** <mminchin@shullmanfugate.com>  Fri, Jan 13, 2023 at 7:34 AM
To: Larry Klayman <klaymanlaw@gmail.com>
Cc: "klayman.ecf.notifications@gmail.com" <klayman.ecf.notifications@gmail.com>, "oliver.peerfw@gmail.com" <oliver.peerfw@gmail.com>, Asher Anderson <asher.b.anderson@gmail.com>

Good morning, Mr. Klayman,

I do not have the authority to grant you "reciprocal rights." According to local rule, the moving party must (a) ask the court for additional time or pages and (b) certify with opposing counsel whether the motion is opposed or unopposed. And on the phone, you agreed to not oppose our motion, and I agreed that if and when you moved for additional space or time, then we would not oppose. No "setting the record straight" was required because the record was already straight.

The court ordered us to file the USB drive today, so that's what we've done. Per court order, we've already mailed the USB drive, which should arrive at the court soon, as well as identical USB drives mailed to you and to other defendants' counsel, which should also arrive soon.

If you wish to challenge the authenticity of anything, feel free to do so.

MM

---

**From:** Larry Klayman <klaymanlaw@gmail.com>
**Sent:** Friday, January 13, 2023 9:33 AM
**To:** Minch Minchin <mminchin@shullmanfugate.com>
**Cc:** klayman.ecf.notifications@gmail.com; oliver.peerfw@gmail.com; Asher Anderson <asher.b.anderson@gmail.com>
**Subject:** Re: Patrick Reed v. Chamblee et al. pre-motion conferral

Mr. Minchin:

[Quoted text hidden]
[Quoted text hidden]



Oliver Peer <oliver.peerfw@gmail.com>

# Patrick Reed v. Chamblee et al. pre-motion conferral

**Larry Klayman** <klaymanlaw@gmail.com>  Fri, Jan 13, 2023 at 7:49 AM
To: Minch Minchin <mminchin@shullmanfugate.com>
Cc: Larry Klayman <klaymanlaw@gmail.com>, "klayman.ecf.notifications@gmail.com" <klayman.ecf.notifications@gmail.com>, "oliver.peerfw@gmail.com" <oliver.peerfw@gmail.com>, Asher Anderson <asher.b.anderson@gmail.com>

You misrepresented our agreement to the Court, as my consent was conditioned on reciprocal rights be accorded to Mr. Reed. This was not honest and further games will not be tolerated.

As for the drive you claim to have mailed to the Court, we have no ability to confirm what you gave to the court is what you will provide to us. Based on past experience with your clients, a presumption arises that the two drives will not be the same and that the one provided to the court will be unauthentic, incomplete, cropped and/or doctored.

Fedex for delivery tomorrow what you sent to the court and put it on a link so it can be viewed by us today.

We reserve our right to move to strike the drive you submitted to the Court.

Govern yourself accordingly.

Larry Klayman, Esq.
[Quoted text hidden]



Oliver Peer <oliver.peerfw@gmail.com>

# Patrick Reed v. Chamblee et al. pre-motion conferral

**Larry Klayman** <klaymanlaw@gmail.com>                                  Fri, Jan 13, 2023 at 7:52 AM
To: Larry Klayman <klaymanlaw@gmail.com>
Cc: Minch Minchin <mminchin@shullmanfugate.com>, "klayman.ecf.notifications@gmail.com" <klayman.ecf.notifications@gmail.com>, "oliver.peerfw@gmail.com" <oliver.peerfw@gmail.com>, Asher Anderson <asher.b.anderson@gmail.com>

P.S. You statement that you already sent the drive to the Court appears to be another falsehood, since as of now you have not filed motions to dismiss. And, we were not copied on any claimed forwarding of a drive to the Court.

Larry Klayman, Esq.

[Quoted text hidden]

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

PATRICK NATHANIEL REED,   Case No. 3-22-CV-01059-TJC-PDB

   Plaintiff,

vs.

BRANDEL CHAMBLEE; TGC, LLC;
DAMON HACK; BENJAMIN BACON;
EAMON LYNCH; GANNETT
SATELLITE INFORMATION
NETWORK, LLC; GANNETT CO.,
INC.; CONDE NAST
INTERNATIONAL, INC.; ZACH
HELFAND

   Defendants.

## NOTICE OF CONVENTIONAL FILING OF USB FLASH DRIVE

Pursuant to this Court's January 10, 2023 Order granting the Unopposed Motion for Leave to Conventionally File Audiovisual Exhibits, filed by Defendants Brandel Chamblee, Damon Hack, Benjamin Bacon, Eamon Lynch, and TGC, LLC d/b/a The Golf Channel (collectively, "Defendants") (D.E. 31), Defendants hereby conventionally file a USB flash drive containing the three video exhibits referenced in Defendants' Motion to Dismiss Amended Complaint and annexed to the Declaration of Minch Minchin. *See* Declaration of Minch Minchin ¶¶ 3, 8, 22 (corresponding to Exhibits 1(a), 5(a), and 8(a)).

Dated: January 13, 2023

Respectfully Submitted,

SHULLMAN FUGATE PLLC

*/s/ Minch Minchin*
Rachel E. Fugate (Fla. Bar No. 144029)
rfugate@shullmanfugate.com
Deanna K. Shullman (Fla. Bar No. 514462)
dshullman@shullmanfugate.com
Minch Minchin (Fla. Bar No. 1015950)
mminchin@shullmanfugate.com
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202
Tel: (813) 935-5098

*Attorneys for Golf Channel, Brandel Chamblee, Damon Hack, Benjamin Bacon, and Eamon Lynch*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 13, 2023, the foregoing was served on the Court and all counsel of record via FedEx Overnight Mail.

/s/ *Minch Minchin*
Minch Minchin

2