UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICK NATHANIEL REED,   Case No. 3-22-CV-01059-TJC-PDB

  Plaintiff,

vs.

BRANDEL CHAMBLEE, et al.,

  Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
FOR MISCELLANEOUS RELIEF**

Defendants Brandel Chamblee, Damon Hack, Benjamin Bacon, Eamon Lynch, and TGC, LLC d/b/a The Golf Channel respond as follows to Plaintiff Patrick Nathaniel Reed's Motion to Return to Defendants' Counsel USB Drive and Documents Submitted by Defendants' Counsel to Court Ex Parte Concerning Defendants' Motion to Dismiss and Other Appropriate Relief (D.E. 41; the "Motion").

1. The Motion asks the Court to return to Defendants the courtesy copies of the exhibits filed in support of Defendants' Motion to Dismiss (D.E. 35). As grounds for the Motion, Plaintiff alleges that (a) Defendants misled the court in a motion for enlargement of pages; (b) Defendants engaged in impermissible *ex parte* communications, giving rise to an inference that exhibits were manipulated; and (c) the Court, in any event, should not

consider exhibits pursuant to a motion to dismiss. None of these arguments are meritorious.

2. Regarding the alleged misrepresentation, the Motion avers that Defendants' Motion for Enlargement of Pages for Motion to Dismiss (D.E. 32) deceived the Court because it failed to anticipatorily and reciprocally grant Plaintiff's yet-unfiled motion for more pages (and time) to oppose Defendants' Motion to Dismiss.[1] Motion at 1–2. *See also* D.E. 33. But only the Court, not parties, can grant motions for additional time and space. *See* Motion at 12. And, in any event, commenting on an unripe issue about a hypothetical motion is superfluous.

3. Second, Defendants' provision of courtesy copies is not an *ex parte* communication.[2] Pursuant to standard notions of courtesy whenever filing many pages' worth of documents, Defendants sent the Court paper copies of all exhibits appearing on CM/ECF in support of Defendants' Motion to Dismiss. And, of course, Plaintiff had already received service copies of the underlying material via CM/ECF.

---

[1] Although unclear, the Motion also appears to suggest that Defendants misled the Court about an alleged agreement to allow Plaintiff to preview the anticipated exhibits in advance of filing the Motion to Dismiss. Motion at 1–2. But no such agreement ever existed.

[2] Defendants served a copy of the cover letter transmitting the courtesy copies on all counsel of record.

4. And because videos cannot be uploaded to CM/ECF, Defendants conventionally filed a USB drive with the clerk of court and mailed identical copies of the USB drive to the Court, Plaintiff's counsel, and counsel for the other defendants in this case. *See* Motion at 12; D.E. 37 at 2 (featuring a certificate of service). Each USB drive contains the three at-issue videos. *See* D.E. 28 (Amended Complaint) at ¶¶ 57, 83, 107 (featuring three URLs—where the videos have sat, undisturbed and in their original format, since publication); D.E. 36 (Minchin Decl.) at ¶¶ 3, 5, 22 (annexing the videos in the three URLs identified in the Amended Complaint).

5. Third, Plaintiff contends that filing exhibits with a motion to dismiss is *per se* improper. But the Eleventh Circuit has rejected this argument, explaining that, in defamation cases, the allegedly defamatory publication is incorporated in the pleading. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

6. As for the primary relief requested—the Court's return of the USB drive—Defendants candidly admit that the Court's disposition of the Motion is ultimately immaterial; the Court could just as easily watch the three at-issue videos on the YouTube links referenced in the Amended Complaint or ask the clerk of court for its copy of the USB drive. But because granting Plaintiff's Motion would countenance a dubious request, Defendants respectfully ask the Court to deny the Motion in all respects.

Dated: February 6, 2023

                                            Respectfully Submitted,

                                            SHULLMAN FUGATE PLLC

***/s/ Minch Minchin***
Rachel E. Fugate (Fla. Bar No. 144029)
rfugate@shullmanfugate.com
Deanna K. Shullman (Fla. Bar No. 514462)
dshullman@shullmanfugate.com
Minch Minchin (Fla. Bar No. 1015950)
mminchin@shullmanfugate.com
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202
Tel: (813) 935-5098

*Attorneys for Defendants*