**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| PATRICK NATHANIEL REED, | } |
| | } |
| Plaintiff | } |
| | } |
| v. | } **Case Number: 3-22-CV-01059-TJC-PDB** |
| | } |
| BRANDEL EUGENE CHAMBLEE, et al | } |
| | } |
| Defendants. | } |
| | } |
| | } |
| | } |
| | } |
| | } |

---

**PLAINTIFF PATRICK NATHANIEL REED'S MOTION FOR LEAVE TO FILE REPLY**

Plaintiff Patrick Reed ("Mr. Reed" or "Plaintiff") respectfully requests leave to file a Reply, pursuant to Local Rule 3.01, not to exceed five (5) pages to Defendants' Response to Plaintiff's Moton For Miscellaneous Relief, which requests that the USB Hard Drive and other materials supplied ex parte to the chambers of this honorable Court be returned to the Defendants' counsel, Mr. Minch Minchin, and his colleagues with a true copy provided to Mr. Reed and his counsel for forensic analysis.

This Reply is necessary to correct misconceptions and misleading alleged facts set forth in Defendants 'Response for several reasons.

First, Mr. Minchin disingenuously denies that he has attempted to engage in ex parte communications with chambers.  But the hard fact is Mr. Minchin's response admits that to this date, twenty-eight (28) days - that is four (4) weeks - later, he has yet to provide a true copy of

1

the USB Hard Drive  and other materials to Mr. Reed and his counsel, which he sent to chambers a month ago!. This sleight of hand, providing the USB Hard Drive and other materials ONLY TO CHAMBERS, but not providing it to Mr. Reed and his counsel, constitutes an ex parte communication. And as will be set forth in the Reply, Defendants have a history, again confirmed as late as the last few weeks with regard to a golf tournament, the Dubai Desert Classic, which was covered and commented on by Defendants NBC Golf Channel and its commentators Defendants Brandel Chamblee and Eamon Lynch, all of whom defamed Mr. Reed yet again, of altering, doctoring and/or cropping video. This will be shown to this Honorable Court in the Reply. Thus, Mr. Reed and his counsel have a right, if not duty, to be concerned that what was sent to chambers is accurate, unaltered and/or uncropped and not misleading.

Second, that Mr. Minchin tries to justify his actions by ridiculously and nonsensically saying that Mr. Reed had access to the ex parte submission to chambers by virtue of his counsel having received service copies of the USB Hard Drive and other materials via CM/ECF, is an admission of culpability in not serving Mr. Reed's counsel with the USB Hard Drive and other materials sent ex parte to chambers. This raises a strong inference that what is on the hard USB Drive in particular is not accurate, authentic, complete and/or undoctored. What compounds this inference is that Mr. Minchin admits that the links to video set forth in Mr. Reed's Amended Complaint were more than sufficient for this Honorable Court to review that which is set forth as defamatory in the Amended Complaint. So then, what was Mr. Minchin's reason and motive to send a hard USB Hard Drive and other materials directly directly to chambers if not to provide this Honorable Court with a USB Hard Drive and other materials that he did not want Mr. Reed and his counsel to see?

Mr. Minchin's entire response, as are several false and misleading statements and representations in his motion to dismiss, is not straightforward, and this is more than troubling, as will be set forth in greater detail in the Reply and in Plaintiff Reed's opposition to Mr. Minchin's motion to dismiss.

And again, apparently, Defendants' counsel appears to likely think that he can violate and vary  from accepted practice because he has worked for this Honorable Court in the past and thus take these inappropriate liberties.  This is not acceptable, as Mr. Reed has reason to believe this Honorable Court will agree, once it also benefits from Mr. Reed's Reply, and respectfully  orders that the  USB Hard Drive and other materials to be returned to Mr. Minchin, with a copy to Mr. Reed's counsel for forensic analysis.

Finally, it is  respectfully requested that this Honorable Court counsel Mr. Minchin on proper and straightforward litigation practice going forward to avoid a repeat of this unnecessary, time consuming and potentially highly prejudicial conduct in the future.

Dated: February 10, 2023

Respectfully submitted,

By: */s/ Larry Klayman*
Larry Klayman, Esq.
Florida Bar No.: 246220
Klayman Law Group P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Tel: 561-558-5536
leklayman@gmail.com

*Counsel for Patrick Nathaniel Reed*

**CERTIFICATE OF SERVICE**

I, Larry Klayman, hereby certify that on this day, February 10, 2023 I electronically filed the foregoing with the Clerk of Court using the Court's ECF procedures. I also certify that the

3

foregoing document is being served this day on all counsel of record through the Court's

eservice procedures.

*/s/ Larry Klayman*