UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICK NATHANIEL REED,                     Case No. 3-22-CV-01059-TJC-PDB

   Plaintiff,

vs.

BRANDEL CHAMBLEE, et al.,

   Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE**

Defendants Brandel Chamblee, Damon Hack, Benjamin Bacon, Eamon Lynch, and TGC, LLC d/b/a The Golf Channel respond as follows to Plaintiff Patrick Nathaniel Reed's Motion to Strike USB Drives and Other Exhibits and for Sanctions (D.E. 44; the "Motion").

The Motion in large part duplicates Plaintiff's motion for miscellaneous relief filed on January 27, 2023 (D.E. 41; the "USB Motion") and features two arguments. It first contends that Defendants' provision of a courtesy copy of the three at-issue videos constituted an impermissible *ex parte* communication, giving rise to an inference that publications were manipulated. Next, it argues that the Court should strike all exhibits because exhibits cannot be filed with Rule 12 motions. Neither argument is meritorious.

As a preliminary matter, a motion to strike is not an appropriate procedural mechanism for the relief Plaintiff seeks. That is, a motion to strike cannot be employed against a motion to dismiss or its exhibits because a motion to dismiss is not a pleading. *Wyndham Vacation Ownership, Inc. v. Slattery, Sobel & Decamp, LLP*, 6:19-CV-1908-WWB-EJK, 2022 WL 1619241, at *1 (M.D. Fla. Apr. 21, 2022).[1]

More fundamentally, and as noted in Defendants' response to the USB Motion, Defendants' provision of courtesy copies is not an *ex parte* communication.[2] Pursuant to standard notions of courtesy whenever filing approximately 30 or more pages of documents, Defendants sent the Court paper copies of all exhibits appearing on CM/ECF in support of Defendants' Motion to Dismiss; this included copies of five of the eight at-issue publications. Of course, Plaintiff had already received service copies of the underlying material via CM/ECF.

Because three of the at-issue publications are videos—and videos cannot be uploaded to CM/ECF—Defendants conventionally filed a USB

---

[1] The Motion also violates Local Rules 1.08 and 3.01(g) because it features a disallowed typeface and includes no certificate of conferral.

[2] Defendants served a copy of the cover letter transmitting the courtesy copies on all counsel of record. And, in any event, providing courtesy copies is not *ex parte* communications, lest the practice of providing courtesy copies would not exist. *See, e.g., Williams v. Rosenblatt Sec. Inc.*, 14-CV-4390 (JGK), 2016 WL 590232, at *1–*3 (S.D.N.Y. Feb. 11, 2016); *Archibong v. Formula One Auto Imports*, CV154771MCALDW, 2016 WL 1594789, at *4 (D.N.J. Mar. 31, 2016).

drive with the clerk of court, pursuant to Federal Rule of Civil Procedure 5(d)(2), that contained the three videos. *See* (D.E.s 34, 37.)

Defendants simultaneously mailed identical copies of the USB drive to the Court, Plaintiff's counsel, and counsel for the other defendants in this case. *See* D.E. 37 at 2 (featuring a certificate of service). All four USB drives contain the three at-issue videos. *See* D.E. 28 ("Amended Complaint") at ¶¶ 57, 83, 107 (featuring three URLs—where the videos have sat, undisturbed and in their original format, since publication); D.E. 36 at ¶¶ 3, 8, 22 (annexing the videos in the three URLs identified in the Amended Complaint and attesting to their accuracy). Defendants also filed transcriptions of the three videos. *Id.* at ¶¶ 4, 9, 23. In sum, the Court and all counsel of record possess identical copies of all exhibits.

As Defendants noted in the response to the USB Motion, how the Court chooses to evaluate the three at-issue videos—via YouTube, the Court's courtesy copy video, the clerk's video, or the provided transcripts—makes no difference. Thus, Defendants' opposition to Plaintiff's argument is less practical than rectitudinous: providing courtesy copies is not *ex parte* communications.

Plaintiff's second argument, that exhibits are improperly attached to the Motion to Dismiss, is also without merit. As explained in the first footnote of Defendants' Motion to Dismiss, D.E. 35 at 2, the Motion to

3

Dismiss features three types of exhibits, all of which are proper to consider on a motion to dismiss a defamation claim:

1. Exhibits 1–8 are the publications at issue. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 704 (11th Cir. 2016).

2. Exhibit 9 is a copy of Plaintiff's initial complaint in this case, filed in the Southern District of Texas. *See Nix v. ESPN, Inc.*, 1:18-CV-22208, 2018 WL 8802885, at *4 n1. (S.D. Fla. Aug. 30, 2018); *c.f. Rubinstein v. Keshet Inter Vivos Tr.*, 17-61019-CIV, 2017 WL 7796306, at *3 (S.D. Fla. Nov. 1, 2017).

3. Exhibits 10(a)–10(d) are documents demonstrating Plaintiff's public-figure status. *See Turner v. Wells*, 879, F.3d 1254, 1272 n.5 (11th Cir. 2018); *Jacoby v. Cable News Network, Inc.*, 21-12030, 2021 WL 5858569, at *4–*5 (11th Cir. Dec. 10, 2021).[3] Defendants reiterate that they do not ask the Court to consider the truth of any matter asserted within the third category of documents, but instead to merely take note of their existence. *See Turner*, 879, F.3d at 1272 n.5.

In short, both of Plaintiff's arguments are specious, and the Court should deny Plaintiff's Motion.

Dated: February 27, 2023

                                        Respectfully Submitted,

                                        SHULLMAN FUGATE PLLC

                                        ***/s/ Minch Minchin***
                                        Rachel E. Fugate (Fla. Bar No. 144029)

---

[3] In the *Dershowitz* opinion, attached to the Motion as Exhibit 1, the court rightly declined on a motion to dismiss to consider material that did not pertain to defenses appropriate for a Rule 12 motion—which, in that case, was several unofficial transcripts and a book written by the plaintiff. *Dershowitz v. Cable News Network, Inc.*, 541 F. Supp. 3d 1354, 1362 (S.D. Fla. 2021). The court rightly considered exhibits appropriate for a dismissal motion, including the publication at issue and documents relevant to defendants' fair-report defense. *Id.*

rfugate@shullmanfugate.com
Deanna K. Shullman (Fla. Bar No. 514462)
dshullman@shullmanfugate.com
Minch Minchin (Fla. Bar No. 1015950)
mminchin@shullmanfugate.com
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202
Tel: (813) 935-5098

*Attorneys for Defendants*