**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PATRICK NATHIANIEL REED,

      Plaintiff,

v.                                 Case No. 3:22-cv-01059

BRANDEL EUGENE CHAMBLEE,
DAMON HACK, BENJAMIN BACON,
EAMON LYNCH, GOLFWEEK, &
GANNETT CO., INC.,

      Defendants.

**PLAINTIFF PATRICK NATHANIEL REED'S PROPOSED UNIFORM CASE**
**MANAGEMENT REPORT**

In order to facilitate this cause moving forward on a timely basis, Plaintiff Patrick Nathaniel Reed files unilaterally the attached Uniform Case Management Report as the parties cannot agree to certain issues related to discovery and the date for mandatory disclosures. The parties have met and conferred and later exchanged emails, but Defendants' counsel have since reneged on prior agreements between the parties. See Attached.

Plaintiff Reed respectfully requests a status conference, if the impasse cannot to eliminated in the next five (5) days,  to resolve any outstanding issues. If the impasse is eliminated, a Joint Uniform Case Management Report will be filed.

Respectfully submitted,

/s/ Larry Klayman_____
Larry Klayman, Esq.
Florida Bar No.: 246220
Klayman Law Group P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Tel: 561-558-5536

leklayman@gmail.com
*Counsel for Patrick Nathaniel Reed*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PATRICK NATHIANIEL REED,

      Plaintiff,

v.                                  Case No. 3:22-cv-01059

BRANDEL EUGENE CHAMBLEE,
DAMON HACK, BENJAMIN BACON,
EAMON LYNCH, GOLFWEEK, &
GANNETT CO., INC.,

      Defendants.

_____

**<u>Uniform Case Management Report</u>**

      The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

**1.  Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 3/2/2023. Plaintiff's counsel, Larry Klayman and his Executive Assistant Asher Anderson of Klayman Law Group, P.A., along with Defendants' counsel Rachel Fugate of Shullman Fugate PLLC and Carol LoCicero and Linda Norbut of Thomas and LoCicero, LP., attended the conference.

**2.  Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|

| | |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 3/16/2023 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 5/1/2023 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).     Plaintiff | 10/16/2023 |
| Defendant | 11/16/2023 |
| Rebuttal | 12/16/2023 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 1/15/2024 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. <br> Enter mediator's name, address, and phone number. | 2/1/2024 |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 2/26/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 7/1/2024 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 7/9/2024 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 7/16/2024 |
| Month and year of the trial term. | August 2024 |

The trial will last approximately 12 days and be:

☒ jury.

☐ non-jury.

3.  **Description of the Action**
    Causes of Action for Defamation, Defamation Per Se and Tortious Interference with Business Relations.

4.  **Disclosure Statement**

    ☐ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5.  **Related Action**

    ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

    Already done - *Reed vs. Ryan, et. al, Civil Action No. – 3:22-cv-01181 (M.D. Fl.)*

6.  **Consent to a Magistrate Judge**

    "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

    The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

    ☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

    ☒ The parties do not consent.

7.  **Preliminary Pretrial Conference**

    ☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☒  The parties do request a preliminary pretrial conference, and the parties want to discuss all issues leading to trial, including motions in limine, expert testimony, time of trial, issues that may arise, use of video depositions, etc.

**8.  Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒  The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

**9.  Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒  Yes.
☐  No; instead, the parties agree to these changes: enter changes.

B.  Discovery may be needed on these subjects: Claims and Defenses Concerning Counts for Defamation and Tortious Interference.

C.  Discovery should be conducted in phases:

☒  No.
☐  Yes; describe the suggested phases.

D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒  No.
☐  Yes; describe the issue(s).[*]

---

[*] All relevant records stored and kept electronically must be maintained and preserved.

E.   ☒   The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F.   The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒  No.
☐  Yes; describe the stipulation.

## 10. Request for Special Handling

☒  The parties do not request special handling.

☐  The parties request special handling. Specifically, describe requested special handling.

☐  Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒  The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

Counsel for Plaintiff:

/s/ Larry Klayman_____
Larry Klayman, Esq.
Florida Bar No.: 246220
Klayman Law Group P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Tel: 561-558-5536
leklayman@gmail.com
*Counsel for Patrick Nathaniel Reed*

Counsel for Defendants:

_____

Rachel E. Fugate
Florida Bar No.: 144029
Shullman Fugate PLLC.
100 South Ashley Drive
Suite 600
Tampa, FL 33602
Tel: (813) 935-5098

*Counsel for Defendants Brandel Eugene Chamblee, TGC, LLC., Damon Hack, Benjamin Bacon, Eamon Lynch and Golfweek*


THOMAS & LoCICERO PL

_____

Carol Jean LoCicero (FBN 603030)
Linda R. Norbut (FBN 1011401)
601 South Boulevard
Tampa, FL  33606
Telephone: (813) 984-3060
Facsimile:  (813) 984-3070
clocicero@tlolawfirm.com
lnorbut@tlolawfirm.com

*Counsel for Gannett Defendants*