UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICK NATHANIEL REED,    Case No. 3-22-CV-01059-TJC-PDB

  Plaintiff,

vs.

BRANDEL CHAMBLEE, et al.,

  Defendants.

## DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS AMENDED COMPLAINT

Pursuant to the Court's order of August 8, 2023 (D.E. 88), Defendants Brandel Chamblee, Damon Hack, Benjamin Bacon, Eamon Lynch, and TGC, LLC provide the following supplementary commentary on two recent Southern District of Florida decisions that were mentioned in passing during the omnibus hearing held before the Court on July 31, 2023.

The first case, *Trump v. Cable News Network,* is instructive because it rebuts Reed's contention that the at-issue LIV statements constitute defamatory statements of objective fact. *See* 22-61842-CIV, 2023 WL 4845589 (S.D. Fla. July 28, 2023). In *Trump*, the former president sued CNN regarding a series of statements drawing unfavorable comparisons between his use of the phrase "the big lie" and tactics employed by China's Xi Jinping, Hungary's Viktor Orbán, and Nazi propogandist Joseph Goebbels. *Id.* at *1.

The court granted CNN's motion to dismiss, explaining that "Nazi references in the political discourse (made by whichever 'side') [are] odious and repugnant. But bad rhetoric is not defamation when it does not include false statements of fact." *Id*. Moreover, the court explained, phrases such as "'Hitler-like' . . . are not statements of fact subject to defamation laws because of the tremendous imprecision of the meaning and usage of such terms in the realm of political debate." *Id*. at *5 (citation omitted). Thus, the court concluded, "[b]eing 'Hitler-like' is not a verifiable statement of fact that would support a defamation claim." *Id*.[1]

---

[1] The Amended Complaint, in short, invites the Court to adjudicate social decorum. At the July 31 hearing, Reed's counsel told the Court that "You don't throw the word 'Hitler' around willy-nilly. And that's the problem with the world today. . . . I wish I was in your position, frankly, because I would enforce the law and say that . . . [t]here are limits." Transcript at 96:18–97:2. As the *Trump* court explained, counsel's position is incorrect as matter of law. But it's also wrong as a matter of history. As a unanimous Supreme Court explained when evaluating the false yet hyperbolic statement that plaintiff Jerry Fallwell had sex with his mother in an outhouse, the American judiciary's commitment to protecting "vehement, caustic, and sometimes unpleasantly sharp attacks" reaches back to the days of the founding fathers. *See Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 51–54 (1988) (recounting 200 years of "outrageous" yet constitutionally protected social discourse). "The fact that society may find speech offensive is not a sufficient reason for suppressing it," the high court explained. "Indeed, if it is the speaker's opinion that gives offense, that consequence is a reason for according it constitutional protection. For it is a central tenet of the First Amendment that the government must remain neutral in the marketplace of ideas." *Id*. at 55–56 (citation and brackets omitted).

In the instant case, the LIV statements did not compare Reed to dictators; they compared Mohammed bin Salman to dictators. Even so, as the *Trump* court made clear, hyperbolic references to dictatorial evil cannot support a defamation claim.

*Dershowitz v. Cable News Network* is also instructive because it undercuts any argument that Defendants acted with actual malice in this case. *See* 20-61872-CIV, 2023 WL 4851704 (S.D. Fla. Apr. 4, 2023). The mental state of actual malice, which Reed must plausibly allege here, asks whether the defendant "actually entertained serious doubts as to the veracity of the published account, or was highly aware that the account was probably false." *Id.* at *5 (citation omitted).

The court in *Dershowitz* initially denied CNN's motion to dismiss on actual malice grounds because Dershowitz alleged that CNN had deceptively edited a video clip to falsely portray Dershowitz as stating the opposite of what he actually said—that a president is immune from criminal liability if he subjectively believes his actions are in the country's best interest. *Id.* And because the complaint alleged CNN actively and intentionally doctored the video, CNN would have subjectively known the falsity of its statements.[2] *Id.*

---

[2] Here, the Amended Complaint lacks any allegation that would plausibly support an inference of actual malice. Rather, the only facts alleged

*Footnoted continued on next page*

The court then granted CNN's summary judgment motion solely on actual malice grounds and found that, although the video clip may have been selectively edited, Dershowitz had presented no evidence on the probative issue: whether CNN subjectively and actually doubted the veracity of anything that it said. In so doing, the court rejected Dershowitz's irrelevant evidence proffered to support a finding of actual malice—i.e., evidence of CNN's (a) ill-will, (b) knowledge of Dershowitz's opposing statements, (c) personal animus, (d) name-calling, (e) failure to abide by journalistic standards, (f) intent to promote a pre-scripted storyline, or (g) failure to publish exculpatory or explanatory information. *Id.* at 5–8. None of this evidence mattered. And because no evidence demonstrated that CNN knew its publications were false, the court granted summary judgment and closed the case. *Id.* at 9.

In the instant case, a meaningful analysis of actual malice is impossible because none of the at-issue statements (as in *Trump*) constitute objective statements of fact that can be proven false: the LIV statements draw hyperbolic comparisons between Saudi Arabia and other despotic countries, and the FIO statements feature unfalsifiable opinions about a disclosed fact.

---

supporting actual malice are those that the *Dershowitz* court summarily rejected.

But even if any at-issue statement were falsifiable, the only allegations that Reed has proffered to demonstrate actual malice are no more relevant than the categories of evidence rejected by the *Dershowitz* court—i.e., that Defendants harbored ill-will toward Reed, declined to publish exculpatory facts, or failed to retract any publication. *See* (D.E. 35 at 23–27). Here, as in *Dershowitz*, these types of allegations—even if true and for which evidence is presented—do not plausibly demonstrate that Defendants subjectively doubted the truth of any at-issue publication.

Dated: September 1, 2023

                                  Respectfully Submitted,

                                  SHULLMAN FUGATE PLLC

                                  ***/s/ Minch Minchin***
Rachel E. Fugate (Fla. Bar No. 144029)
rfugate@shullmanfugate.com
Deanna K. Shullman (Fla. Bar No. 514462)
dshullman@shullmanfugate.com
Minch Minchin (Fla. Bar No. 1015950)
mminchin@shullmanfugate.com
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202
Tel: (813) 935-5098

*Attorneys for Defendants*