# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

PATRICK NATHANIEL REED,

        Plaintiff

v.

BRANDEL EUGENE CHAMBLEE, et al

        Defendants.

**Case Number: 3-22-CV-01059-TJC-PDB**
**ORAL ARGUMENT REQUESTED**

## PLAINTFF PATRICK NATHANIEL REED'S MOTION TO STAY CONSIDERATION OF AND ANY AWARD OF ATTORNEYS FEES TO DEFENDANTS PENDING APPEAL

Dated: January 18, 2024

Respectfully submitted,

By: */s/ Larry Klayman*_____
Larry Klayman, Esq.
Florida Bar No.: 246220
Klayman Law Group P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Tel: 561-558-5536
leklayman@gmail.com

*Counsel for Patrick Nathaniel Reed*

1

Plaintiff Patrick Reed ("Mr. Reed") hereby moves for an order staying the issue of Defendants Brandel Chamblee, Damon Hack, Benjamin Bacon, Eamon Lynch, and TGC, LLC, Gannett Satellite Information Network, LLC, Gannett Co., Inc., and Conde Nast International, Inc.'s (collectively "Defendants") Motion for Anti-SLAPP Fees ("SLAPP Motion") pending his appeal to the U.S. Court of Appeals for the Eleventh Circuit ("Eleventh Circuit"). *See Reed v. Chamblee et al*, 24-10058-D (11th Cir.).

A stay is required in the interest of judicial efficiency, as the Court's order granting the Defendants' SLAPP Motion is currently being appealed. Clearly, a successful appeal by Mr. Reed – which is the likely outcome given the fact that Florida's Anti-SLAPP statute does not apply in a federal court sitting in diversity – would obviate the need for further proceedings on Defendants' SLAPP Motion, which will require a huge amount of time and resources to be expended by not only the parties, but the Court. There is therefore no prejudice to any party in simply allowing the appellate process to play out before proceeding further on Defendants' SLAPP Motion. The potential benefit in doing so would be enormous, as the parties and Court would be spared from expending huge time and resources on a moot issue.

"When reviewing a motion to stay pending appeal, we consider the "traditional" stay factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the stay applicant

1

will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other persons interested in the proceeding; and (4) where the public interest lies." *Florida v. United States*, Nos. 23-11528, 23-11644, 2023 U.S. App. LEXIS 13863, at *4-5 (11th Cir. June 5, 2023) (internal quotations omitted).

*First*, it is clear that Mr. Reed is highly likely to succeed on the merits of this appeal. The numerous grounds upon which Mr. Reed is highly likely to succeed on appeal is set forth in full in his Response in Opposition to Defendants' SLAPP Motion. These include, but are not limited to (1) that it was an egregious error for the Court to glossed over the fifty-five (55) alleged defamatory statements at issue in this case with the generalized finding that they were "non-defamatory," and this will likely be reversed on appeal, thereby making the Defendants not the "prevailing party," (2) the Chief Judge of the U.S. Court of Appeals for the Eleventh Circuit, the Honorable William H. Pryor Jr. ("Judge Pryor"), at oral argument in *Corsi v. Newsmax Media Inc et al*, 21-10480 (11th Cir.) ("*Corsi*"), <u>Exhibit 1</u>, expressed "serious doubt" as to whether Florida's Anti-SLAPP statute applied in federal court due its requiring a "heightened pleading standard," and that Fed. R. Civ. P. 11 answered the "same question," rendering it inapplicable in federal court, (3)  the question of whether a federal court sitting in diversity should apply a state anti-SLAPP statute ultimately turns on the black-letter and landmark case law set forth in *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), which mandates that in this situation, the Court must apply state substantive law and

2

federal procedural law, *id.* at 92, and here there can be no doubt that the questions raised by Florida's Anti-SLAPP statute – pretrial dismissal of cases and an award of fees for meritless actions – are both procedural matters that are specifically addressed in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a) for motions to dismiss and Fed. R. Civ. P. 11 for sanctions, (4) Florida's Anti-SLAPP statute imposes a heightened pleading standard on the Plaintiff, and therefore would not apply in federal court as conflicting with the Federal Rules of Civil Procedure as expressly recognized by Florida's Second District Court of Appeals in *Gundel v. AV Homes, Inc.*, 264 So. 3d 304 (Fla. Dist. Ct. App. 2019) and conceded on the website for counsel for Defendants, Shullman Fugate, (5) the ruling of the Honorable Paul G. Byron ("Judge Byron") in *Sterling v. Doe*, 2022 U.S. Dist. LEXIS 105673 (M.D. Fla. Feb. 2, 2022), and (6) that a myriad federal circuit (and lower courts) have already found that many Anti-SLAPP statutes conflict with the Federal Rules of Civil Procedure, including the Eleventh, Fifth, D.C., and Second Circuits.

*Second*, Mr. Reed will be irreparably harmed absent a stay. His reputation has already been severely harmed by the Defendants' pattern and practice of making malicious, defamatory statements of and concerning him, and this harm has been exponentially amplified by the Court's erroneous order broadly dismissing all fifty-five alleged defamatory statements as "non-defamatory" without taking the time to address them individually. Now forcing attorneys'

3

fees onto Mr. Reed, where there exists no basis to do so, will irreparably further harm his reputation as a professional golfer, and also irreparably harm his ability to excel on the golf course given the attention that would needlessly need to be diverted with hecklers and others.

*Third*, the stay would not injure the Defendants at all, as they are all multi-million, if not billion, dollar entities and the amount of fees sought is no more than a "drop in the bucket" for them. There is no prejudice in simply allowing for the appellate process to play out, and if anything, it would be to their benefit as they would save on paying more attorneys' fees on an issue that will likely ultimately prove to be moot.

*Fourth*, the public interest also weighs strongly in favor of a stay. This is because preventing the needless and wasteful expenditure of time and resources for litigants and the Court is clearly in the public interest. This is particularly true with the Court, which likely has a large number of cases that it must manage, and going through a lengthy, ultimately moot and pointless SLAPP fee proceeding would harm its ability to administer to those other cases.

Accordingly, the issue of Defendants' SLAPP Motion must be stayed, as it is the only reasonable and prudent course of action. Again, there is simply no harm in allowing the appellate process, which would entirely moot out this issue, to occur first. On the other hand, the potential time and cost savings by issuing this stay are enormous and would benefit all parties as well as the Court.

Counsel for Defendants decline to consent to this Motion.

Dated: January 18, 2024                                    Respectfully submitted,

                                                           By: */s/ Larry Klayman*_____
                                                           Larry Klayman, Esq.
                                                           Florida Bar No.: 246220
                                                           Klayman Law Group P.A.
                                                           7050 W. Palmetto Park Rd
                                                           Boca Raton, FL, 33433
                                                           Tel: 561-558-5536
                                                           leklayman@gmail.com

                                                           *Counsel for Patrick Nathaniel Reed*

## CERTIFICATE OF SERVICE

I, Larry Klayman, hereby certify that on this day, January 18, 2024, I electronically filed the foregoing with the Clerk of Court using the Court's ECF procedures. I also certify that the foregoing document is being served this day on all counsel of record through the Court's eservice procedures.

                                                           */s/ Larry Klayman*_____

5